# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RAYMOND NELSON JONES, JR.,
　　　　　*Defendant-Appellant.*

No. 01-4856

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-01-41)

Submitted: April 24, 2002

Decided: May 31, 2002

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Stephen King Smith, Hampton, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following a jury trial, Raymond Nelson Jones, Jr., was convicted on one count each of possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(B)(iii) (West 1999), possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(C) (West 1999 & Supp. 2001), possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(D) (West 1999 & Supp. 2001), and being a drug user in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(3) (West 2000). The district court imposed concurrent seventy-eight month prison terms on the drug possession with intent to distribute counts and a concurrent sixty month prison term on the firearms count. Jones timely appealed.

Jones' sole argument on appeal is that the evidence was insufficient to support his three convictions for possession with intent to distribute controlled substances. At the time of Jones' arrest, police seized from his home fourteen grams of cocaine base, fifteen grams of powder cocaine, 88.9 grams of marijuana, several scales, two handguns, a rifle, ammunition, $3600 in cash bundled in $100 increments, some additional cash, a police scanner, two walkie-talkies, two beepers, two cellular telephones, and two smoking devices. Although Jones testified that he possessed these drugs for personal use and offered explanations for the other items seized, the government presented evidence that the quantity of drugs was not consistent with personal use and that many of the items seized from Jones' home were tools of the drug trade.

This court must affirm Jones' jury convictions if there is substantial evidence, when viewed in the light most favorable to the Government, to support the jury's verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, this court views the evidence in the light most favorable to the government and inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F. 3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, the Court does not review witness credibility and assumes

the jury resolved all contradictions in the evidence in the government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different reasonable interpretations, the jury decides which to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994).

Under the facts of this case, we find that there was substantial evidence to support the jury's verdict. Consequently, we affirm Jones' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*